**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE MOORE on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | Case No. |
| v. | : : | |
| STORMWIND, LLC d/b/a STORMWIND STUDIOS, | : : : | |
| Defendant. | : / | |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. StormWind, LLC ("StormWind" or "Defendant") engaged in a cold-calling, telemarketing campaign to promote its certification and educational services to persons who had no prior relationship with the Defendant (the "Telemarketing Campaign").

3. StormWind also did not have proper policies and procedures in place to ensure that they engaged in telemarketing in a manner that complied with federal law.

4. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action against the Defendant on behalf of a proposed nationwide class of other persons who received calls during the Telemarketing Campaign.

5. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

6. Plaintiff George Moore is a resident of Illinois in this District.

7. Defendant StormWind is and was at all relevant times a business entity duly formed with a principal address in Scottsdale, Arizona.

**Jurisdiction & Venue**

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

9. Defendant is subject to specific personal jurisdiction in this District because it engaged in telemarketing efforts that target this District, including the efforts made to contact the Plaintiff.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff Moore is a resident of this district, which is where he received the illegal telemarketing calls that are the subject of this putative class action lawsuit.

**TCPA Background**

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The National Do Not Call Registry</u>

12. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. In this rulemaking proceeding, the FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

14. Pursuant to this statutory mandate, the FCC issued two regulations.

15. First, the relevant regulation under § 227(c) established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

16. The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

17. However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists

3

to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

18. These procedures are codified at 47 CFR 64.1200(d)(1)-(7).

19. Specifically, § 64.1200(d) requires a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 CFR § 64.1200(d)(1, 2, 3, 6).

20. These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 CFR 64.1200(d).

21. Accordingly, all telemarketing calls violate the TCPA unless a defendant can demonstrate that it has implemented the required policies and procedures.

22. Consent is irrelevant to § 64.1200(d).

23. A violation of § 227(c) through 47 C.F.R. § 64.1200(d) carries statutory damages of $500 to $1,500 per call.

24. Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones as well as residential telephones. 47 CFR § 64.1200(e).

25. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

26. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

4

27. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

Calls to Mr. Moore

28. The Defendant contacted Mr. Moore on his cellular telephone number (630) 699-XXXX.

29. This number is not used for commercial purposes.

30. Mr. Moore uses the number for personal calls.

31. The number has been continuously on the National Do Not Call Registry for years prior to the receipt of the calls at issue.

32. On July 13, 2020, Mr. Moore received an automated telemarketing call from StormWind.

33. The Caller ID was manipulated to appear as if it was coming from a local area code.

34. Mr. Moore answered the call.

35. There was no one on the other end of the call, so Mr. Moore terminated the call.

36. Using the same Caller ID, the Defendant called Mr. Moore on July 22, 2020.

37. The caller said she was with StormWind Studios.

38. The caller proceeded to advertise StormWind services.

39. Mr. Moore informed the caller that he was not interested.

40. Nonetheless, using the same Caller ID, the Defendant called Mr. Moore again on September 8, 2020.

41. This call was also automated, and the representative for StormWind came on the line after a silent pause of several seconds.

42. Mr. Moore informed StormWind that he was not interested and made a request to no longer be contacted.

43. As Mr. Moore had previously indicated that he was not interested in StormWind services, yet the communications continued, he wrote to StormWind inquiring of their basis to call him.

44. Mr. Moore also requested StormWind's written Do Not Call policy.

45. StormWind responded.

46. However, StormWind did not provide their Do Not Call policy, or even claim that one exists.

47. Instead, StormWind informed Mr. Moore that it purchased his telephone number from ZoomInfo.

48. Mr. Moore contacted ZoomInfo who confirmed that they do not sell any lists to third parties that represent permission to contact individuals on the National Do Not Call Registry or otherwise comply with the TCPA.

49. Plaintiff and all members of the classes defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's telephone lines from legitimate communication.

50. Indeed, other individuals have made similar complaints regarding StormWind's calling practices. *See* https://www.shouldianswer.com/phone-number/6026037580 (Last Visited November 6, 2020).

51. Furthermore, individuals have complained about asking to be placed on a Do Not Call list for the Defendant, yet receiving further calls:

> This organization has been asked to stop calling and emailing me, as I have no need for their services. However I continue to get phone calls, often rude in nature, and emails. I have filed a complaint with the FTC and AGAIN asked them not to contact me, but they continue

*See* https://www.bbb.org/us/az/scottsdale/profile/information-technology-services/stormwind-live-1126-1000037149/complaints (Last Visited November 7, 2020).

52. Plaintiff has not provided Defendant with his prior express written consent to place telemarketing calls to him.

## Class Action Allegations

53. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the following classes of persons or entities similarly situated throughout the United States.

54. The classes of persons Plaintiff proposes to represent are tentatively defined as:

**Policy Class:** Plaintiff and all persons within the United States to whose telephone number: (1) StormWind placed (or had placed on its behalf); (2) two or more telemarketing telephone calls; (3) in a 12-month period; (4) within four years prior to the commencement of this litigation until the class is certified.

**National Do Not Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days (2) but who received more than one telephone solicitation telemarketing call (3) from or on behalf of StormWind (4) with a 12-month period, (5) from four years prior the filing of the Complaint.

55. Excluded from the classes are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

56. The classes as defined above are identifiable through phone records and phone number databases.

57. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

58. Plaintiff is a member of the classes.

59. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

> (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;
>
> (b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;
>
> (c) whether Defendant's conduct constitutes a violation of the TCPA; and
>
> (d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

60. Plaintiff's claims are typical of the claims of class members.

61. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and is represented by counsel skilled and experienced in class actions, including TCPA class actions.

62. The actions of the Defendant are generally applicable to the classes as a whole and to Plaintiff.

63. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

64. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## Legal Claims

### FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq.)**
**on behalf of the National Do Not Call Registry Class**

65. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

66. StormWind violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on StormWind's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

67. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

68. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

69. The Defendant's violations were knowing or willful.

## SECOND CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. 227(c) and 47 C.F.R. §§ 64.1200(d))
### on behalf of the Policy Class

70. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

71. Plaintiff and the proposed Policy Class incorporate the foregoing allegations as if fully set forth herein.

72. Defendant placed numerous calls for telemarketing purposes to Plaintiff's and Policy Class Members' telephone numbers.

73. Defendant did so despite not having a written policy pertaining to "do not call" requests.

74. Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list or policy.

75. Defendant placed two or more telephone calls to Plaintiff and Policy Class Members in a 12-month period.

76. Plaintiff and Policy Class Members are entitled to an award of $500 in statutory damages telephone call in addition to and separate from any award for damages related to this conduct.

77. Plaintiff and Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 per telephone call if the Defendant's violations were knowing and/or willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

  A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future;

  B. As a result of the Defendant's willful and/or knowing violations of 47 C.F.R. § 64.1200(d), Plaintiff seeks for himself and each member of the National Do Not Call Registry Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

  C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

  D. Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

         PLAINTIFF,
         By his attorney

         */s/ Anthony I. Paronich*
         Anthony I. Paronich
         Paronich Law, P.C.
         350 Lincoln Street, Suite 2400
         Hingham, MA 02043
         (508) 221-1510
         anthony@paronichlaw.com